```
                  IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF HAWAII

LESTER RITER,                    )   CIVIL NO. 21-00480 SOM/WRP
                                 )
            Plaintiff,           )   ORDER DISMISSING COMPLAINT;
                                 )   ORDER DENYING AS MOOT
      vs.                        )   APPLICATION TO PROCEED IN
                                 )   FORMA PAUPERIS
FEMALE OFFICER IN CHARGE,        )
                                 )
            Defendant.           )
_____  )
```

**ORDER DISMISSING COMPLAINT; ORDER DENYING
AS MOOT APPLICATION TO PROCEED *IN FORMA PAUPERIS***

**I.      INTRODUCTION.**

On December 3, 2021, Plaintiff Lester Riter filed a Complaint.  *See* ECF No. 1.  On December 27, 2021, in response to a deficiency order, Riter filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application").  *See* ECF Nos. 1-2.  Pursuant to 28 U.S.C. §§ 1915(e)(2), this court has screened the Complaint and determined that it fails to state a claim on which relief may be granted.  Accordingly, the court dismisses the Complaint and denies the IFP Application as moot.

**II.     FACTUAL BACKGROUND.**

Riter's Complaint contains no allegations and consists of only a two-word title ("Constitutional Appeal") followed by no text.  *See* ECF No. 1, PageID # 1.  In the location of the

document where a case number is normally located, the Complaint states, "Hawaii case No.: 3DCC-21-000615."  *Id.*

### III.        STANDARD.

To proceed *in forma pauperis*, Riter must demonstrate that he is unable to prepay the court fees, and that he sufficiently pleads claims.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  The court therefore screens Riter's Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (the *in forma pauperis* statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . .  Examples of the latter class . . . are claims describing fantastic or delusional scenarios.").

### IV.        ANALYSIS.

There are no factual allegations at all in Riter's filing, much less allegations supporting a viable claim.  As noted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the factual allegations in a complaint, when assumed to be true, must be enough to raise a right to relief above the

2

speculative level.  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  A complaint is required to "state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 677.

The Complaint completely lacks factual allegations.  For that reason, it fails to assert any viable claim.

The court notes that Riter may be trying to appeal some kind of state-court judgment, as he titles the document, "Constitutional Appeal."  If that is the case, Riter should consider using the state appellate courts before filing an Amended Complaint in this federal court.  *See Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (stating that, under what is called the *Rooker-Feldman* doctrine, "a losing party in state court is barred from seeking what in substance would be appellate

review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights").  Of course, this court is not saying that Riter has any state-court right to appeal at this time.

**V.     CONCLUSION.**

Riters's Complaint is dismissed, and the IFP Application is denied as moot.  **The court grants Riter leave to file an Amended Complaint that states a viable claim no later than January 28, 2022.**  Riter may submit another IFP Application at that time.  Failure to file an Amended Complaint by January 28, 2022, as well as to pay the applicable filing fee or submit a new IFP Application, will result in the automatic dismissal of this action.

The court provides some guidance to Riter if he decides to file an Amended Complaint in this court, rather than proceed with a state-court appeal.  First, Riter should attempt to write as legibly as possible.  If this court cannot read Riter's writing or follow his thought process, important information may be missed.  If Riter uses a court form from this court's website, he may, of course, submit additional pages.  Such forms are available at https://www.hid.uscourts.gov/dsp_Forms.cfm?CatID=2&SubCatID=5&pid=27&mid=113.  The Clerk of Court is directed to send Riter Forms Pro Se 1 and 15, but the

4

court notes that other forms may be more applicable and that Riter is not required to use a court form.

Second, Riter should identify the Defendant and state in simple language what the Defendant allegedly did and what statute, law, or duty was supposedly breached by the Defendant. In other words, Riter should allege facts with respect to what the Defendant allegedly did and what she should be held liable for.

Finally, Riter should articulate the relief he is seeking. That is, if he is seeking monetary damages or prospective injunctive relief, he should say so clearly and identify the Defendant(s) from whom he is seeking such relief.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 29, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Riter v. Femaile Officer in Charge*, Civ. No. 21-00480 SOM/WRP; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS